UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER LEFEVE,

      Plaintiff,

v.                                                             Civil Case No. 17-12689
                                                           Honorable Linda V. Parker

KIM'S DAY SPA, LLC d/b/a
COSI BELLA NAIL SPA, and
TRIEU NGUYEN a/k/a
TRIEU OLIVIERI and KIM OLIVIERI,

      Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND TO DISMISS DEFENDANTS' COUNTERCLAIMS

This, initially, was a Fair Labor Standards Act ("FLSA") lawsuit. Plaintiff Jennifer Lefeve filed a one-count complaint against Defendants on August 16, 2017, alleging that Defendants employed her as a nail technician, wrongfully classified her as an independent contractor, and failed to pay her overtime wages as required under the FLSA. (*See* ECF No. 1.) On October 13, 2017, Defendants filed an Answer to Plaintiff's Complaint and a Counter-Complaint asserting the following state law claims: (I) unfair competition; (II) tortious interference with business relationships and economic expectancy; (III) conversion; (IV) "irreparable harm"; (V) unjust enrichment; (VI) business defamation; and (VII) injurious falsehood. (ECF No. 5.) Asserting that Defendants filed their

1

counterclaims to retaliate against her for exercising her FLSA rights, Plaintiff now seeks to amend her complaint to add a claim of retaliation. (ECF No. 8.) In her motion, filed October 26, 2017, Plaintiff also seeks dismissal of Defendants' counterclaims pursuant to Federal Rules of Civil Procedure 12(b)(1) or (6). Defendants filed a response to Plaintiff's motion on November 16, 2017, stating that they do not oppose Plaintiff's request to amend her Complaint, but that their counterclaims are not subject to dismissal. (ECF No. 10.) Plaintiff filed a reply brief on November 29, 2017. (ECF No. 11.)

## **Plaintiff's Motion for Leave to Amend**

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is "freely" granted "when justice so requires." *See* Fed. R. Civ. P. 15(a). The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id*.

As indicated, Defendants do not oppose Plaintiff's request to amend her Complaint. They do not contend that Plaintiff's proposed amendment is brought in bad faith, for dilatory reasons, will delay this litigation, prejudice Defendants, or is futile. The Court concludes that the amendment should be allowed.

## Plaintiff's Motion to Dismiss Defendants' Counterclaims
## Pursuant to Federal Rules of Civil Procedure 12(b(1) or (6)

Plaintiff seeks dismissal of Defendants' counterclaims arguing, first, that the Court lacks subject matter jurisdiction over them. Second, Plaintiff argues that Defendants fail to state a claim upon which relief should be granted with respect to those claims. The Court must address Plaintiff's subject matter jurisdiction argument first, for if jurisdiction is lacking, it cannot reach the merits of the claims.

Although not set forth in their Counter-Complaint, Defendants' response to Plaintiff's motion reflects that they believe the Court has jurisdiction over their counterclaims under 28 U.S.C. § 1367. (*See* Defs.' Resp. Br. at 4, ECF No. 10 at Pg ID 99.) With certain exceptions not applicable here, § 1367(a) provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367. As the Supreme Court has explained, the statute grants supplemental "jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that 'the relationship between the federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *City of Chicago v. Int'l Coll. of*

*Surgeons*, 522 U.S. 523, 529 (1997) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Contrary to Defendants' assertion (*see* Defs.' Resp. Br. at 3, ECF No. 10 at Pg ID 98), Plaintiff is not simply arguing that the Court should decline to exercise jurisdiction under § 1367.[1] By seeking dismissal under Rule 12(b)(1), Plaintiff is contending that supplemental jurisdiction is lacking under § 1367 because Defendants' counterclaims are not part of the same case or controversy as her FLSA claim. This Court agrees.

Except for their business defamation claim, Defendants' counterclaims arise from their assertion that Plaintiff has obtained and misused their confidential and proprietary information. (*See* Defs.' Counter-Compl.; ECF No. 5.) Defendants allege that Plaintiff used this information to steal their clients, interfere with their business relationships and economic expectancy, and unjustly enrich herself. (*Id.*) In their business defamation counterclaim, Defendants allege that Plaintiff has made false and defamatory statements to their current and former clients to injure their business. (*Id.*) Defendants contend that they discovered the facts supporting these claims when investigating and gathering evidence into Plaintiff's FLSA

---

[1] Only once a court has supplemental jurisdiction over claims may it exercise its discretion to decide whether to hear those claims. *See* 28 U.S.C. § 1367(c). As such, the Court only will consider Defendants' arguments for why the Court should not decline to exercise supplemental jurisdiction if it finds that supplemental jurisdiction exists.

4

claim.  (Defs.' Resp. Br. at 2, ECF No. 10 at Pg ID 97.)  This, however, does not demonstrate the connection between Plaintiff's FLSA claim and Defendants' counterclaims necessary to establish supplemental jurisdiction.

Plaintiff's FLSA claim turns on whether Defendants were obligated to pay her overtime under the statute and whether they failed to do so.  The Court finds it unlikely that any facts relevant to Defendants' counterclaims will have any bearing on Plaintiff's claim.  In other words, they do not arise from a "common nucleus of operative fact" and are not "part of the same case or controversy."  *See Cruz v. Don Pancho Mkt., LLC*, 167 F. Supp. 3d 902, 907-10 (W.D. Mich. 2016) (holding that the court lacked supplemental jurisdiction over the defendants' state law claims alleging fraud, breach of contract, and conversion, as those counterclaims did not arise out of the same case or controversy as the plaintiff's FLSA claim).

For these reasons, the Court concludes that it lacks supplemental jurisdiction over Defendants' counterclaims under § 1367.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend her complaint and to dismiss Defendants' counterclaims (ECF No. 8) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff shall file her amended complaint within seven (7) days of this Opinion and Order;

**IT IS FURTHER ORDERED** that Defendants' Counter-Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: February 13, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 13, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager